STERLING LUMBER COMPANY v. N. W. ABERNATHY, S H E R I F F O F
CHEROKEE COUNTY AND R. C. MOORE; AND R. C. MOORE v. J. W.
RUTHERFORD AND STERLING LUMBER COMPANY.

(Filed 27 January, 1932.)

Appeal and Error F b—Where no exceptions to referee's report are made,
a correct judgment entered thereon will be affirmed on appeal.

Where a party in an action which has been referred to a referee makes no exception to the referee's report he is entitled to judgment only in accordance with the report, and a correct judgment entered thereon will be affirmed, and he may not contend that he is entitled to a relief which is not supported by the findings of fact or the conclusions of law of the referee.

APPEAL by Henry McAden, trustee for the heirs at law of R. Y. McAden and Mary T. McAden, intervener, from *Harwood, Special Judge,* at April Term, 1931, of CHEROKEE. Affirmed.

At November Term, 1929, of the Superior Court of Cherokee County, the above entitled actions then pending in said court, were consolidated and referred for trial.

At January Term, 1930, by an order of said court, Henry McAden, trustee for the heirs at law of R. Y. McAden and Mary T. McAden, intervened in the action entitled "R. C. Moore *v.* J. W. Rutherford *et al.,*" and thereafter filed his pleading therein.

The consolidated actions were heard by the referee who filed his report on 13 December, 1930. This report came on for hearing at April Term, 1931, and was in all respects confirmed. There were no exceptions to the findings of fact or conclusions of law set out in said report.

From judgment in accordance with the report of the referee, the intervener, Henry McAden, trustee, appealed to the Supreme Court.

*M. W. Bell for appellant.*
*L. B. Prince for appellee.*

PER CURIAM. There was no error in the refusal of the judge to sign the judgment tendered by the intervener. The contention of the intervener that he was entitled to judgment on the bond executed by the Sterling Lumber Company as principal, and Columbia Casualty Company, as surety, to R. C. Moore, cannot be sustained. There is no finding of fact or conclusion of law in the report of the referee to support this contention. The intervener did not except to the report of the referee, and for this reason is entitled to judgment only in accordance with the report.

There is no error in the judgment signed by the judge. It is in accordance with the report of the referee and is, therefore,

Affirmed.